

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2007

# Fields v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4020

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fields v. USA" (2007). *2007 Decisions.* Paper 1060.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1060

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-206                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 06-4020, 06-4355 & 06-4481
_____

PATRICIA A. FIELDS,
                                           Appellant

vs.

UNITED STATES OF AMERICA;
JOAN GARNER; CHRISTOPHER P. BOYLE
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-00089)
District Judge: Honorable Jan E. Dubois
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 26, 2007
Before:  McKee, Fuentes and Weis, Circuit Judges

(Filed: May 29, 2007)

_____


OPINION
_____

PER CURIAM.

        Patricia A. Fields, pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing her Complaint that sought to

reopen and enforce a settlement agreement for lack of subject matter jurisdiction and denying her motion for judgment. Fields also appeals the District Court's orders denying her "emergency motion for restraining orders and judgment for seven hundred and sixty five million dollars filed in the Montgomery County Courthouse Pursuant to Rule 206.7-1" and her motions to proceed on appeal in forma pauperis (IFP) and to stay the matter pending appeal.

In October 2005, Fields filed a Complaint in the Montgomery County Court of Common Pleas against the United States, Joan Garner, Esq., and Christopher Boyle, Esq., seeking enforcement of the settlement stipulation in Fields v. Schaffer et al., Civ. A. No. 03-02150 (E.D. Pa. Jul 19, 2005).[1] Fields claimed that all of the defendants deliberately violated the stipulation for compromised settlement because the defendants referred to her as Patricia Fields, instead of "Patricia A. Fields," on first settlement check she received in partial payment of the total settlement of $4,000.[2] She also filed a "motion for judgment" in the Common Pleas Court, claiming that the defendants committed "identity theft." The United States and Garner removed the matter to District

---

[1] The United States was a named party in the Fields v. Schaeffer case. Garner represented the federal defendants and Boyle represented the Horsham Township defendants in that case.

[2] The check at issue was for $500. Fields does not dispute Boyle's assertion that she cashed the $500 check on June 15, 2005. Fields also received another check, made out to "Patricia A. Fields," in the amount of $3500, which is not at issue in this case.

2

Court. Boyle then filed a motion to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

The District Court dismissed the Complaint sua sponte for lack of subject matter jurisdiction. The District Court determined that the court order dismissing the action in Civ. A. No. 03-02150 did not incorporate the settlement stipulation and did not otherwise express an intent to retain jurisdiction over Fields's case or over the terms of the settlement agreement. Alternatively, assuming arguendo that it had subject matter jurisdiction over the matter, the District Court held that Fields's Complaint and motion lacked merit. In so ruling, the District Court held that Fields failed to show good cause to set aside or modify the dismissal order entered in 2005 under Fed. R. Civ. P. 41(b). The District Court also held that no mistake or newly discovered evidence existed warranting vacation of judgment in Fields v. Schaeffer under Rule 60(b) because Fields's allegation that the check was made out to her incorrectly did not amount to fraud, misrepresentation, or misconduct. In an order that was part of its opinion, the District Court granted the dismissal motion, denied Field's motion for judgment (construed by the District Court as a motion brought pursuant to Fed. R. Civ. P. 12(c)), and dismissed the matter with prejudice. After the case was dismissed, the District Court denied Fields's motions for

_____

[3] On May 11, 2006, the District Court denied Fields's motion to remand the matter to state court. To the extent that Fields appeals the May 11 order, we conclude that her appeal lacks any arguable legal basis.

3

temporary restraining orders (TRO), to proceed IFP on appeal, and for a stay pending appeal. Fields has appealed all of these orders and her appeals have been consolidated.[4]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Fields has been granted leave to proceed in forma pauperis on appeal. We must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). This Court is required to dismiss an in forma pauperis appeal under 28 U.S.C. § 1915(e)(2)(B)(I) where none of the legal points is arguable on its merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

For substantially the same reasons set forth by the District Court in its opinion issued May 22, 2006, the District Court lacked subject matter jurisdiction over Fields's Complaint and properly concluded that, even assuming that jurisdiction exists, the Complaint fails to state a claim under Rule 12(b)(6). For the reasons stated by the District Court in its opinion, Fields's motion for judgment was properly denied. Because Fields failed show a likelihood of prevailing on the merits in District Court or on appeal, the District Court did not err in denying Fields's motions by orders entered September 20 and October 11, 2006.

Fields has no arguable legal basis upon which to appeal. Accordingly, we

---

[4] Although it appeared initially that the appeal was untimely, upon further review we conclude that the appeal is timely filed. See Rules 58(a) and (b)(2)(B) of the Federal Rules of Civil Procedure; In re Cendant Corp. Securities Litigation, 454 F.3d 235, 243-245 (3d Cir. 2006) (holding that an order containing an extensive discussion of facts and procedural history is not a separate judgment within the meaning of Rule 58(a)).

will dismiss this appeal pursuant to § 1915(e)(2)(B)(I).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Fields's motion "to remand back to District Court for immediate trial" is denied.